**LOCAL UNION 212, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS VACATION TRUST FUND and Its Trustees, et al., Plaintiffs-Appellants,**

v.

**LOCAL 212 INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS CREDIT UNION, Defendant-Appellee.**

No. 82–3761.

United States Court of Appeals, Sixth Circuit.

Argued April 12, 1984.

Decided June 11, 1984.

Robert I. Doggett (argued), Cincinnati, Ohio, for plaintiffs-appellants.

Stephen C. Crowe (argued), Milford, Ohio, for defendant-appellee.

Before KEITH and MERRITT, Circuit Judges, and REED, District Judge.[*]

PER CURIAM:

This is an appeal by plaintiffs, Local 212 Vacation Trust and six trustees of the Vacation Trust, from a declaratory judgment entered by Hon. Carl B. Rubin, Chief Judge of the United States District Court for the Southern District of Ohio, which held that the Employee Retirement Income Security Act (ERISA) did not preempt garnishment proceedings in state court instituted by defendant, Local 212 International Brotherhood of Electrical Workers Credit Union. We affirm the judgment of the district court.

Plaintiff Vacation Trust is a trust fund created in 1970 pursuant to a collective bargaining agreement between the IBEW and the Cincinnati chapter of the Electrical Contractors Association. The fund was established so that money would be especially set aside to provide paid vacations for employees who moved with frequency from one electrical contractor to another, thereby saving any one particular employer from being saddled with the obligation of providing vacation pay at the end of a year.

Eight per cent of the employee's gross pay was deducted each month from his salary and deposited in the fund. The trustees invested the pooled funds to maximize benefits and defray administrative expenses. Disbursements were made annually on June 1.

On June 1, 1981, after the credit union had attempted to garnish the funds of eight beneficiaries who were to be paid on June 1, the trustees amended their agreement to prohibit any "creditor's rights" to fund proceeds. The district court held that ERISA did not preempt involuntary assignment of the funds and entered the declara-

tory judgment appealed from in which it was held that the garnishment was not prohibited by ERISA. Therefore, the district court did not address the effect of this amendment because it found it to be purely a question of state law to be addressed in state court.

We have carefully considered the briefs and oral arguments. The issue is one of first impression in this circuit. As pointed out by the trial judge, there appears to be only one federal case which has squarely addressed the issue.

In *Franchise Tax Board v. Construction Laborers, et al.,* 679 F.2d 1307 (9th Cir.1982), the United States Court of Appeals for the Ninth Circuit held that the California Franchise Tax Board could not levy against money held in trust for three employees under a vacation trust fund to collect unpaid income taxes. We agree with the trial judge's analysis of the majority opinion, and note that we agree with the lower court's determination to adopt the view expressed in the dissent filed in the case by Judge Tang of the Ninth Circuit.

In sum, we adopt the findings and conclusions of Chief Judge Rubin of the Southern District of Ohio, and adopt his opinion published, styled *Local Union 212, Etc. v. Local 212 IBEW Credit Union,* 549 F.Supp. 1299 (1982). Accordingly, the declaratory judgment of the trial court is AFFIRMED.

---

[*] Hon. Scott Reed, United States District Court for the Eastern District of Kentucky, sitting by designation.